# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

CarMax Auto Superstores, Inc., a Virginia
corporation, and CarMax Business Services,
LLC, a Delaware limited liability company,

        Plaintiffs,

      v.

Evox Productions, LLC, a Delaware limited
liability company,

        Defendant.

Civil Action No. 3:13CV345

# DEFENDANT EVOX PRODUCTIONS, LLC'S (I) MOTION FOR ENTRY OF AN ORDER (A) DISMISSING THIS ACTION, OR, (B) IN THE ALTERNATIVE, TRANSFERRING VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA, OR, (C) IN THE ALTERNATIVE, STAYING THIS ACTION PENDING RESOLUTION OF THE CENTRAL DISTRICT OF CALIFORNIA ACTION, AND (II) SUPPORTING MEMORANDUM OF LAW

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     STATEMENT OF FACTS ................................................................................. 4

III.    ARGUMENT ...................................................................................................... 7

      A.      This Improper Anticipatory Declaratory Judgment Action Should Be
              Dismissed. ............................................................................................... 7

             1.      The Court Has Broad Discretion to Decline to Exercise
                      Jurisdiction. .................................................................................. 8

             2.      Dismissal is Especially Appropriate when the "First-Filed" Suit is
                      Anticipatory. ................................................................................ 10

      B.      The Interests Of Justice And Convenience Favor Transferring The Case
              To The Central District Of California. ................................................... 11

             1.      CarMax Could Have Brought an Action in the Central District of
                      California. ..................................................................................... 13

             2.      Plaintiff's Choice of Forum Should Be Given Little Weight. ................. 14

             3.      Convenience of Parties and Witnesses Favors the Central District
                      of California. ................................................................................. 16

             4.      Interests of Justice Favor the Central District of California. .................. 17

      C.      The Case Should Be Stayed Pending Resolution Of The California Action. ....... 19

IV.     CONCLUSION ................................................................................................... 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Federal Cases

*Aetna Cas. & Sur. Co. v. Quarles*,
  92 F.2d 321 (4th Cir. 1937) ...............................................................7, 8, 9, 10

*Affinity Memory & Micro, Inc., v. K & Q Enters., Inc.*,
  20 F. Supp. 2d 948 (E.D. Va. 1998) .................................................................12

*Brock v. Entre Computer Ctrs., Inc.*,
  933 F.2d 1253 (4th Cir. 1991) .....................................................................12, 16

*Brown Mfg. Corp. v. Alpha Lawn & Garden Equip., Inc.*,
  219 F. Supp. 2d 705 (E.D. Va. 2002) ...............................................................13

*Byerson v. Equifax Info. Servs., LLC*,
  467 F. Supp. 2d 627 (E.D. Va. 2006) ...............................................................18

*Chang v. Maxwell*,
  19 F. App'x 148 (4th Cir. 2001) ..........................................................................7

*Citigroup Inc v. City Holding Co.*,
  97 F. Supp. 2d 549 (S.D.N.Y. 2000)..................................................................10

*Cont'l Grain Co. v. Barge FBL-585*,
  364 U.S. 19 (1960)..............................................................................................12

*Fed. Home Loan Mortg. Corp. v. Mortg. Guar. Ins. Corp.*,
  2012 WL 2673151 (E.D. Va. July 5, 2012) .......................................................11

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  71 F. Supp. 2d 517 (E.D. Va. 1999) ..................................................................18

*Heinz Kettler GMBH & Co. v. Razor USA, LLC*,
  750 F. Supp. 2d 660 (E.D. Va. 2010) ................................................................17

*Hop-In Food Stores, Inc. v. S&D Coffee, Inc.*,
  642 F. Supp. 1106 (W.D. Va. 1986) .............................................................10, 11

*Int'l Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*,
  326 U.S. 310 (1945).............................................................................................13

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
  342 U.S. 180 (1952).............................................................................................19

*Koh v. Microtek Int'l, Inc.*,
    250 F. Supp. 2d 627 (E.D. Va. 2003) ...................................................................16

*Learning Network, Inc. v. Discovery Commc'ns, Inc.*,
    11 F. App'x 297 (4th Cir. 2001) ...........................................................3, 10, 15

*Lycos, Inc. v. TiVo, Inc.*,
    499 F. Supp. 2d 685 (E.D. Va. 2007) .................................................................18

*Mission Ins. Co. v. Puritan Fashions Corp.*,
    706 F.2d 599 (5th Cir. 1983) ...........................................................................8, 9, 10

*New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*,
    416 F.3d 290 (4th Cir. 2005) ...............................................................................8

*Pacific Emps. Ins. Co. v. M/V Captain W.D. Cargill*,
    751 F.2d 801 (5th Cir. 1985) ..............................................................................11

*Preci-Dip, SA v. Tri-Star Elecs. Int'l, Inc.*,
    2008 WL 5142401 (N.D. Ill. Dec. 4, 2008) ........................................................7

*Samsung Elecs. Co., Ltd. v. Rambus Inc.*,
    386 F. Supp. 2d 708 (E.D. Va. 2005) ...................................................12, 14, 17

*Serco Servs. Co., L.P., v. Kelley Co., Inc.*,
    51 F.3d 1037 (Fed. Cir. 1995)..............................................................................17

*Southern Ry. Co. v. Madden*,
    235 F.2d 198 (4th Cir. 1956) ...............................................................................12

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988).................................................................................................16

*Touchstone Research Lab., Ltd. v. Anchor Equip. Sales, Inc.*,
    294 F. Supp. 2d 823 (N.D. W. Va. 2003) ...........................................................14

*U.S. Ship Mgmt. Inc. v. Maersk Line, Ltd.*,
    357 F. Supp. 2d 924 (E.D. Va. 2005) ..................................................................18

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964).............................................................................................12

*Ven-Fuel v. Dep't of the Treasury*,
    673 F.2d 1194 (11th Cir. 1982) ...........................................................................11

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995)........................................................................................3, 8, 9

*Yoder v. Heinhold Commodities, Inc.,*
    630 F. Supp. 756 (E.D. Va. 1986) ..................................................................................14, 15

## Federal Statutes

28 U.S.C.,
    § 1404(a) ......................................................................................... *passim*
    § 2201...............................................................................................................................3, 7

## Other Authorities

Fed. R. Civ. P. 12 ....................................................................................................................1, 7

Fed. R. Evid. 408 .....................................................................................................................6, 15

Defendant EVOX Productions, LLC ("EVOX") respectfully requests that the Court dismiss this case pursuant to Fed. R. Civ. P. 12(b)(3) and (6).  In the alternative, EVOX requests that the court transfer this case, pursuant to 28 U.S.C. § 1404(a), to the Central District of California where there is a more comprehensive action pending between EVOX, Transtock, Inc. ("Transtock"), CarMax Auto Superstores, Inc. and CarMax Business Services, LLC (collectively "CarMax") based on the same copyright infringement at issue in this action (the "California Action") as well as a second related case, or, in the alternative, stay this case pending resolution of the California Action.

## I.  <u>INTRODUCTION</u>

This case involves the unauthorized and unlicensed use of EVOX's copyrighted photographs by two entities – CarMax and Transtock.  Prior to September 2012, EVOX had licensed use of its copyrighted photographs to Transtock, who had sublicensed use of EVOX's copyrighted photographs to CarMax.  However, ***after September 2012, when Transtock's license from EVOX expired, neither CarMax nor Transtock had any right to use EVOX's copyrighted photographs, yet they continued to do so.***  The following diagram shows the relationship of the entities:



CarMax filed this lawsuit on the same day EVOX executives flew cross-country to Virginia to negotiate a settlement of this dispute in good faith.  When the matter did not settle and with a complaint prepared, CarMax immediately raced to the courthouse and filed the instant action the ***very same day***.  There can be no other conclusion than that this lawsuit is a deliberate

attempt to forum shop by CarMax.  At the settlement meeting on May 29, 2013, which followed many previous attempts to resolve this dispute, EVOX informed CarMax that litigation counsel had been retained and made yet another attempt at resolution.  The parties did not reach an agreement, and while the EVOX participants were flying back to California – where EVOX is headquartered – CarMax filed this declaratory judgment action.

EVOX promptly filed the California Action[1] alleging copyright and trademark infringement in the Central District of California.  The two actions are substantially similar and both courts will need to determine many of the same issues.  However, the California Action is more comprehensive and will more fully resolve the parties' disputes.  Unlike CarMax's complaint in this action, EVOX's complaint outlined the specific copyright registrations that are at issue between the parties.  Also, EVOX named Transtock (EVOX's former licensee and CarMax's former sublicensor), as a defendant in the California Action.  Transtock is a California corporation that is also liable for infringement of EVOX's copyrights and has relevant evidence relating to the negotiations of both the EVOX-Transtock Agreement and the Transtock-CarMax agreement.  That evidence will play an important role in resolving the dispute between EVOX and CarMax.

CarMax claims its right to use the EVOX images is based on a license from Transtock and even asks this court to declare that the Transtock-CarMax agreement was valid and enforceable.  Yet, CarMax did not include Transtock as a party.  By contrast, Transtock is already a defendant in the California Action and is subject to the jurisdiction of the Central District of California.  This matters because CarMax and Transtock will be jointly and severally liable for copyright infringement in the California Action.

---

[1] *EVOX v. CarMax Auto Superstores, Inc., et al.*, Case No. CV 13-04040 CJC (RZx).

CarMax filed its declaratory judgment action solely to usurp EVOX's choice of forum. CarMax knew that litigation was certain and imminent, and that EVOX would not choose to litigate in Virginia.  Thus, this action should be dismissed because it is an improper declaratory judgment action under 28 U.S.C. § 2201, *et seq*.  *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995) (court has broad discretion to dismiss declaratory judgment action); *Learning Network, Inc. v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 301 (4th Cir. 2001) ("[T]here may come a point after which the potential lawsuit that may otherwise have given rise to a proper declaratory judgment action has become so certain or imminent, that the declaratory judgment action is merely an improper act of forum shopping, or a race to the courthouse.").  CarMax acknowledges that litigation with EVOX was imminent by stating in its complaint that threats of litigation were made by EVOX on May 29, 2013, the same day CarMax filed its complaint. Complaint, ¶¶ 4, 44.

Alternatively, the principles of judicial economy, basic fairness, and convenience dictate that the present action be transferred to the Central District of California.  28 U.S.C. § 1404(a). EVOX promptly filed its copyright infringement action in the Central District of California where there is a second related case[2] pending before the same judge that involves many of the same copyrights and similar questions of law.  The *Gabriels* action also has a similar set of facts, where a former sublicensee of a third party has infringed EVOX's copyright by continuing to use EVOX's images after termination of the sublicense and is set for trial on April 15, 2014. Additionally, the copyrighted photographs and relevant, material witnesses for this case are all located in California.

For these reasons, EVOX respectfully requests that this action be dismissed.  In the

---

[2] *EVOX Productions, LLC v. Gabriels Technology Solutions, Inc., et al.,* CV13-846 CJC (RZx) (the "*Gabriels*" action).

alternative, EVOX requests that the present case be transferred to the United States District

Court for the Central District of California, or, at a minimum, that the present case be stayed

pending resolution of the California Action.

## II.   **STATEMENT OF FACTS**

EVOX is a 17-year-old company based in Los Angeles, California that specializes in the

creation and licensing of photographic, video and interactive imagery of automotive vehicles.

Declaration of Barry Thompson ("Thompson Decl."), ¶ 2.  EVOX created, updates and

maintains a comprehensive automotive image library of over 6,000 different car makes and

models which it licenses to a wide variety of companies and websites.  *Id.* at ¶ 5.  EVOX is an

industry leader and widely recognized for both the quality of its automotive images and the

breadth of its image library.  *Id.* at ¶ 2.  EVOX has a standard procedure to ensure that all of its

photographs are registered for copyright protection.  *Id.* at ¶ 5.  EVOX is based in Los Angeles,

California and the copyrighted photographs are located at EVOX's offices in California.  *Id*. at

¶¶ 2, 5.  The witnesses who will testify to EVOX's creation, registration and ownership of the

copyrighted photographs are also located in California.  *See id*. at ¶ 4.

As relevant to this case, EVOX previously authorized Transtock the limited right to

sublicense EVOX images to third parties pursuant to a Reseller Agreement (the "EVOX-

Transtock Agreement").  *See* Thompson Decl., ¶ 6, Ex A.  Transtock is a California corporation

with its principal place of business in Los Angeles, California.  The EVOX-Transtock

Agreement was negotiated and executed in California.  *Id.* at ¶ 6.  The EVOX-Transtock

Agreement provides that the governing law and exclusive jurisdiction for any litigation arising

from the agreement will be California.  *Id.*, Ex A at p. 8.

Transtock, in turn, had sublicensed CarMax to use the EVOX images.  *See* Thompson

Decl., ¶ 7.  Transtock could not grant a sublicense to CarMax that exceeded the rights granted in

the EVOX-Transtock Agreement.  The EVOX-Transtock Agreement incorporated two form sublicenses for Transtock's sublicensees.  *Id.*, Ex A at pp. 12-14.  Both the example "EVOX End User License Agreement" and the example "Transtock Terms and Conditions" required that California law govern the sublicense.  *Id.*, Ex A at pp. 13-14.

CarMax also has a significant presence in California.  *See* Declaration of Raija Horstman ("Horstman Decl."), Ex 1 at pp. 5-6, 23-24; Ex 2 at p. 40.  CarMax operates systematically and continuously in the Central District of California, with at least 18 superstores in California, ten of which are located in the Los Angeles area.  *See id.*

In July 2012, EVOX sent Transtock official notice of non-renewal of the EVOX-Transtock Agreement triggering the expiration of the EVOX-Transtock Agreement in September 2012.  Thompson Decl., ¶ 8.  Thus, the EVOX-Transtock Agreement expired, and with it, Transtock's and CarMax's rights to use the EVOX images.  Neither Transtock nor CarMax had any right to use EVOX's images after September 2012.  *See id.* at ¶ 9.

In September 2012, prior to the expiration of the EVOX-Transtock Agreement, EVOX reached out to CarMax to attempt to negotiate a direct license agreement.  Thompson Decl., ¶ 10.  From September 2012 until December 2012, CarMax delayed in responding and ignored EVOX's attempts to negotiate a license.  *Id.*  Unbeknownst to EVOX, CarMax continued using EVOX's images.  *See id.* at ¶ 11.  CarMax contends that its use was authorized by Transtock, but Transtock had no right to authorize CarMax's use.  Complaint, ¶ 23.

In February 2013, CarMax suddenly reached out to EVOX expressing a desire to get a license agreement in place quickly and to "back-date" the agreement to cover an unspecified period of time for prior uses of EVOX's images.  Complaint, ¶ 22; Thompson Decl., ¶ 12.  At this point, EVOX discovered that CarMax had not ceased using EVOX's photographs after the

termination of the EVOX-Transtock Agreement, and was in fact still using EVOX's copyrighted photographs without permission.  Thompson Decl., ¶¶ 9, 11.

EVOX informed CarMax that EVOX was willing to negotiate a "forward-looking" license agreement, but wanted to deal with the issue of the past infringement separately. Thompson Decl., ¶ 13.  CarMax insisted that any license must include all uses of EVOX's copyrighted photographs (past and future).  *Id*.  In March 2013, EVOX wrote to CarMax expressly noting CarMax's infringement of EVOX's images that had been ongoing for several months.  *Id*. at ¶ 14.  The parties attempted to negotiate an agreement over the next several months because CarMax led EVOX to believe that it would enter into a new license with EVOX. *Id*.

On May 29, 2013, EVOX went to CarMax in one more attempt to finally reach a resolution of CarMax's past infringement.  Thompson Decl., ¶ 15.  At CarMax's request, EVOX agreed that all the discussions at that meeting would be confidential under Federal Rule of Evidence 408.  *Id.* at ¶ 16.  At this meeting, EVOX informed CarMax that EVOX had secured litigation counsel and outlined the exposure CarMax faced for its extensive copyright infringement should EVOX and CarMax not reach a resolution.  *Id.* at ¶ 17.  CarMax, however, was not genuinely interested in settlement discussions, but rather had prepared a complaint for declaratory judgment that it intended to file in this Court in an improper anticipatory filing to avoid the natural and expected forum for this litigation – the Central District of California. Indeed, CarMax filed its complaint ***the very same day*** as the May 29, 2013 meeting, in which CarMax claims EVOX threatened litigation, and served EVOX before the meeting participants had even landed from their return flight.  *See* Complaint, ¶¶ 4, 44; *see also* Thompson Decl., ¶18. It seems clear now that CarMax's sole purpose for agreeing to meet EVOX on May 29, 2013 was

an attempt by CarMax to gain some last minute fodder for its complaint for declaratory judgment and prevent EVOX from filing its own action.

EVOX filed the California Action in the Central District of California on June 5, 2013 asserting copyright and trademark infringement and encompassing the declaratory relief sought by CarMax in this case.  *See* Thompson Decl., ¶ 19; Horstman Decl., Ex 3.  The California Action has been deemed related to the *Gabriels* action already pending in the Central District of California since February 2013.  *See* Horstman Decl., ¶6, Exs 4, 5.  Both actions are proceeding before the same judge and involve many of the same copyrights and similar questions of law. *See id.*

## III.    ARGUMENT

### A.    This Improper Anticipatory Declaratory Judgment Action Should Be Dismissed.

This action should be dismissed because it is an improper anticipatory declaratory judgment action.  Fed. R. Civ. P. 12(b)(3) and (6); 28 U.S.C. § 2201.[3]  The Declaratory Judgment Act grants court discretion to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  However, there is "nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action.  By the Declaratory Judgment Act, Congress…created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants…[and] *a district court is authorized, in the sound exercise of its*

---

[3] *See also Chang v. Maxwell,* 19 F. App'x 148 (4th Cir. 2001) (district court did not abuse discretion in abstaining from exercising jurisdiction in declaratory judgment action when no second action was pending); *Aetna Cas. & Sur. Co. v. Quarles,* 92 F. 2d 321, 323-26 (4th Cir. 1937) (district court did not abuse discretion in dismissing a declaratory judgment action when all issues could be resolved in later-filed action); *cf. Preci-Dip, SA v. Tri-Star Elecs. Int'l, Inc.*, 2008 WL 5142401, at *4 (N.D. Ill. Dec. 4, 2008) (granting Rule 12(b)(3) motion to dismiss based on the "first-to-file" rule).

*discretion, to stay or to dismiss an action seeking a declaratory judgment*." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995) (quotation omitted) (emphasis added).  Courts routinely decline to exercise jurisdiction over declaratory judgment actions.  *See, e.g.*, *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,* 416 F.3d 290, 296-98 (4th Cir. 2005) (district court did not abuse discretion by refusing to entertain action); *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 323-26 (4th Cir. 1937) (affirming district court's decision to dismiss action); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 603 (5th Cir. 1983) (same).  Because the court has broad discretion, a decision to dismiss a declaratory judgment action is reviewed for abuse of discretion.  *Wilton,* 515 U.S. at 290.

## 1. The Court Has Broad Discretion to Decline to Exercise Jurisdiction.

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Wilton,* 515 U.S. at 287.  Thus, where a declaratory judgment action is brought for the purpose of forum shopping or where the issues will otherwise be determined in a separate action at law, the declaratory judgment action is properly dismissed.

Declaratory judgment actions should not be brought "for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction."  *Aetna Cas. & Sur. Co.,* 92 F.2d at 324.  Nor should courts hear declaratory judgment actions "merely to try issues or determine the validity of defenses in pending cases." *Id.* at 325.  Courts may also decline to exercise jurisdiction when it would be inequitable to permit a would-be defendant to gain precedence in time and forum by its misleading conduct. *Mission Ins. Co.*, 706 F.2d at 602.  If a district court, in the sound exercise of its judgment, determines that a declaratory judgment will serve no useful purpose, it is proper to dismiss the

action.  *See Wilton,* 515 U.S. at 288.

This is precisely the type of case where the Court should decline to its exercise discretion.  CarMax filed its complaint for declaratory judgment in anticipation of imminent litigation by EVOX.  *See* Complaint, ¶¶ 4, 44.  It is "wise judicial administration" to allow these claims to proceed in the pending California Action, which includes all the relevant parties (EVOX, CarMax **and** Transtock) and can fully resolve the controversy amongst them.

Additionally, it promotes judicial efficiency because the *Gabriels* action, a second related copyright infringement case brought by EVOX, filed in February 2013, is already pending before the same judge as the California Action.  These actions involve many of the same copyrighted photographs and similar questions of law and have been deemed related.  *See* Horstman Decl., ¶7, Ex 5.  The *Gabriels* action involves a similar fact pattern as the California Action: (a) EVOX licensed a third party the right to sublicense its images, (b) the licensee sublicensed EVOX's images to a sublicensee, (c) the sublicensee continued using EVOX's images after the sublicense agreement had expired.  *See* Horstman Decl., Exs 3, 4.  The *Gabriels* action is set for trial April 15, 2014 and over 100 written discovery requests have already been exchanged.  *Id.* at ¶ 6.  Moreover, Transtock is a named party to the California Action (and is certainly subject to personal jurisdiction in California).  *See id.*, Ex 3.  The Central District of California will be able to fully resolve the controversy between all the parties, EVOX, Transtock and CarMax.  On the other hand, if EVOX is forced to proceed against CarMax and Transtock in separate actions, it would waste judicial resources and create the risk of inconsistent rulings.

In this action, as in *Aetna,* CarMax seeks nothing more than a determination of the validity of its defenses in the pending California Action.  *See Aetna Cas. & Sur. Co.,* 92 F.2d at 325.  Further, similar to *Mission*, CarMax was only able to file its declaratory action judgment

first because it misled EVOX about its intent to conduct settlement negotiations on May 29,

2013.  *See Mission Ins. Co.*, 706 F.2d at 602.

Therefore, the Court should decline to exercise jurisdiction over CarMax's improper

declaratory judgment action and dismiss this case.

### 2.    Dismissal is Especially Appropriate when the "First-Filed" Suit is Anticipatory.

As discussed above, the Court may simply decline jurisdiction over CarMax's declaratory

judgment.  However¸ dismissal is also appropriate because CarMax's filing was improper and

anticipatory of the imminent California Action.  Forum shopping is disfavored, and courts may

decline to exercise jurisdiction over declaratory judgment actions when the action reflects

improper forum shopping or an attempt to win a race to the courthouse.  *Learning Network, Inc.*

*v. Discovery Commc'ns, Inc.*, 11 F. App'x 297, 301 (4th Cir. 2001) (citing *Aetna Cas. & Sur.*

*Co.,* 92 F.2d at 324 (Courts should decline jurisdiction over declaratory judgment actions filed

"for the purpose of anticipating the trial of an issue in a court of coordinate jurisdiction");

*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 557 (S.D.N.Y. 2000) ("An improper

anticipatory filing is one made under the apparent threat of a presumed adversary filing the

mirror image of that suit in another court.")).

In order to discourage forum shopping and other improper procedural fencing, the "first-

to-file" rule is simply not applicable when a declaratory judgment action is filed solely to secure

the would-be defendant's preferred choice of forum.  *See, e.g., Hop-In Food Stores, Inc. v. S&D*

*Coffee, Inc.*, 642 F. Supp. 1106, 1107 (W.D. Va. 1986) (dismissing declaratory judgment action

in favor of second-filed breach of contract suit).  The "first-to-file" rule recognizes a

presumption of priority for the first-filed action where the lawsuits are the same or have

overlapping claims.  However, when the first-filed plaintiff filed its suit in anticipation of a filing

by the opposition in an attempt to forum shop, it is inappropriate to give any deference to plaintiff's choice of forum. *Fed. Home Loan Mortg. Corp. v. Mortg. Guar. Ins. Corp.,* 2012 WL 2673151, at *4 (E.D. Va. July 5, 2012). In fact, "***courts have often dismissed the first suit as an improper effort to 'forum-shop.'***" *Hop-In Food Stores, Inc.*, 642 F. Supp. at 1107 (citing *Pacific Emps. Ins. Co. v. M/V Captain W.D. Cargill,* 751 F.2d 801 (5th Cir. 1985) (affirming district court's dismissal of declaratory judgment action based on finding that declaratory judgment suit was filed in anticipation of a suit filed two months later in another jurisdiction); *Ven-Fuel v. Dep't of the Treasury,* 673 F.2d 1194 (11th Cir. 1982) (affirming district court's dismissal of declaratory judgment action based on finding that declaratory judgment suit was filed in anticipation of a suit filed one week later in another jurisdiction)).

As discussed above, EVOX informed CarMax of the suspected infringement in March 2013. Thompson Decl., ¶ 14. After several months of negotiation, the parties met for face-to-face settlement discussions at CarMax's offices on May 29, 2013. *See id.* at ¶¶ 14-15. CarMax knew at that meeting that EVOX had secured litigation counsel and that litigation in the Central District of California was certain and imminent. *See id.* at ¶17. CarMax even alleges that EVOX threatened litigation in its Complaint. *See* Complaint, ¶¶ 4, 44. Yet, CarMax improperly raced to the courthouse to file its action for declaratory judgment the very same day, while the EVOX executives were on a return flight to California. *See* Thompson Decl., ¶18.

Because CarMax's declaratory judgment action is nothing more than a blatant attempt at forum shopping clearly filed in anticipation of the California Action, it should be dismissed.

### B. The Interests Of Justice And Convenience Favor Transferring The Case To The Central District Of California.

In the alternative, if this action is not dismissed, it should be transferred "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). The

district court has discretion to determine whether transfer is appropriate. *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991). "[T]he purpose of … [Section 1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *See Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

In order to determine if transfer is proper, the court must make an individualized, case-by-case determination of the convenience and fairness to both parties. *See Southern Ry. Co. v. Madden,* 235 F.2d 198, 200-01 (4th Cir. 1956).

Among the factors courts have considered in determining whether transfer is appropriate are: "(1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) …the court's familiarity with the applicable law; and (7) the interest of justice." *Samsung Elecs. Co., Ltd. v. Rambus Inc.,* 386 F. Supp. 2d 708, 715 (E.D.Va. 2005). The first-to-file rule is not applied mechanically; instead, a thorough analysis of each factor is appropriate to determine if the balance of convenience favors transfer. *Affinity Memory & Micro, Inc., v. K & Q Enters., Inc.*, 20 F. Supp. 2d 948, 954 (E.D. Va. 1998).

The convenience of parties and the interest of justice favor transferring the case to the Central District of California. Venue is proper in the transferee district and CarMax's choice of forum should be given little weight because it was nothing more than an attempt at improper forum shopping. In contrast, all of the material witnesses have a presence in California – and two of them are headquartered in Los Angeles. It is also judicially efficient to transfer this case

to the Central District of California because there are two related cases pending there.

**1.      CarMax Could Have Brought an Action in the Central District of California.**

The threshold determination in deciding a motion to transfer under Section 1404(a) is whether the action could have been brought in the proposed transferee district. *See Brown Mfg. Corp. v. Alpha Lawn & Garden Equip., Inc.*, 219 F. Supp. 2d 705, 709 (E.D. Va. 2002). EVOX has its principal place of business in California and is subject to personal jurisdiction in California. Additionally, CarMax is subject to personal jurisdiction in California and could certainly have brought this action in the Central District of California. *See Int'l Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement,* 326 U.S. 310, 320 (1945) (court has personal jurisdiction over company that systematically and continuously conducts business in that state).

CarMax operates at least 18 superstores in California along with numerous repair shops co-located with its superstores. *See* Horstman Decl., Ex 1 at pp. 5-6, 23-24; Ex 2 at p. 40. Over half of those superstores are located in the Los Angeles area, within the Central District of California. *See id.* Through its superstores, CarMax offers the sale and lease of new and used vehicles, repair and maintenance services pertaining to vehicles, warranty services pertaining to vehicles, and other vehicle-related goods and services. *See* Horstman Decl., Ex 1 at pp. 5-6, 23-24. CarMax also operates a website that actively conducts sales into California and in the Central District of California. *See* Complaint, ¶¶ 5, 10-12; Horstman Decl., Exhibit 1 at p. 24. Moreover, CarMax has also initiated multiple suits in the Central District of California in which CarMax alleges it was present and doing business within the Central District of California. *See* Horstman Decl., Exhibit 1 at pp. 5, 23.

## 2.      Plaintiff's Choice of Forum Should Be Given Little Weight.

When the facts establish that the first-filed plaintiff filed its suit in anticipation of the proper plaintiff's filing, it is inappropriate to give any deference to plaintiff's choice of forum. *See Samsung Elecs. Co., Ltd. v. Rambus Inc.,* 386 F. Supp. 2d 708, 724-27 (E.D. Va. 2005) (declining to follow first-to-file rule); *cf. Touchstone Research Lab., Ltd. v. Anchor Equip. Sales, Inc.*, 294 F. Supp. 2d 823, 827 (N.D. W. Va. 2003) (denying motion to transfer to venue of first-filed declaratory judgment action because it may be anticipatory and courts should not reward the first-filing party for racing to the courthouse when it was on notice that the opposing party was going to file suit).  Additionally, the court must consider all the Section 1404(a) factors to determine if the balance of convenience favors transfer.  *See Yoder v. Heinhold Commodities, Inc.,* 630 F. Supp. 756, 760-62 (E.D. Va. 1986).  Therefore, CarMax's initial venue choice should not impede transfer if the relevant Section 1404(a) factors point to another forum. *See id*; Complaint, ¶¶ 4, 44.

In *Yoder*, the court denied a motion to dismiss, stay or transfer a second-filed action because the first-filed action was a declaratory judgment action filed in another forum in anticipation of a suit in Virginia.  *Yoder*, 756 F. Supp. at 761.  The court noted that the defendant had raced to the courthouse four days after plaintiff had issued a demand letter, but also considered the convenience factors and determined that the interest of justice mandated that the case proceed in the second-filed action.  *Id.* at 760.

Similarly, Judge Payne of the Eastern District of Virginia explained the typical case in which the first-to-file rule should be disfavored: "(1) a patentee has notified an alleged infringer of suspected infringement, (2) good faith negotiations between the parties have ensued and (3) the alleged infringer then files a declaratory judgment action in the forum of his choice."  *See Samsung Elecs. Co., Ltd.*, 386 F. Supp. 2d at 724 (quotation omitted).  Except for the fact that

this case involves copyright infringement rather than patent infringement, that is precisely the scenario in this case.

This action is an improper declaratory judgment action in which CarMax raced to the courthouse so that it could choose its preferred forum. Just as in *Samsung*, EVOX notified CarMax of the suspected copyright infringement, and attempted to engage in good faith negotiations with CarMax. In anticipation of an infringement action by EVOX, CarMax filed a declaratory judgment action in the forum of its choice.

As discussed above, CarMax filed this action in an improper attempt to avoid EVOX's choice of forum. CarMax was on notice that EVOX had retained litigation counsel and was prepared to litigate their dispute. The parties met pursuant to Federal Rule of Evidence 408 so that they could attempt to negotiate a resolution. CarMax did not even wait four days after the settlement meeting (as in *Yoder*), but instead raced to the courthouse to file its action for declaratory judgment the same day as the meeting, the same day CarMax claims "threats of litigation and statutory damages" were made, and while the EVOX executives were on a return flight to California. *See* Complaint, ¶¶ 4, 44; Thompson Decl., ¶ 18.

Litigation between EVOX and CarMax was certain and imminent at the time CarMax filed its declaratory judgment action. EVOX promptly filed a complaint for copyright and trademark infringement in the Central District of California. This is not a situation where only CarMax was "running to the courthouse" that would justify applying the first-to-file rule. *Cf. Learning Network, Inc.*, 11 F. App'x at 301 (refusing to dismiss first filed declaratory judgment action where the defendant failed to file the allegedly "imminent" suit for at least eight to ten weeks). For these reasons, CarMax's choice of forum should be given little weight in considering whether this action should be transferred.

**3.    Convenience of Parties and Witnesses Favors the Central District of California.**

"Determination of a motion to transfer venue necessitates weighing the convenience to the parties and witnesses in litigating in either venue." *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003). There is a significant connection between CarMax's infringement of EVOX's copyrighted photographs and the Central District of California that supports transfer for the convenience of the parties and witnesses.

First, none of the material parties will be inconvenienced in the Central District of California. EVOX's principal place of business is in California. Transtock is incorporated and has its principal place of business in California. CarMax has substantial contacts with California including over 18 superstores in California, of which half are located in Los Angeles and has frequently litigated, by its own choosing, in California. *See* Horstman Decl., Exs 1, 2.

Furthermore, all the copyrighted photographs are located in California. Thompson Decl., ¶ 5. All the witnesses who will testify to EVOX's creation, registration and ownership of the copyrighted photographs are located in California. *See id.* at ¶ 4. The negotiations and execution of the EVOX-Transtock Agreement occurred in California. *Id.* at ¶ 6. The EVOX-Transtock Agreement states that any dispute is to be governed by California law and exclusive jurisdiction is to be in California.[4] *See id.*, Ex A at p. 8. Moreover, both the form "End User License Agreement" and the form "Terms and Conditions" attached as an exhibit to the EVOX-Transtock Agreement suggests that any sublicense would likewise be governed by California law. *See id.*, Ex A at pp. 13-14. Because Transtock is based in California, it is likely that some,

---

[4] Although this is a copyright action, the contractual forum selection clause speaks to the convenience of the parties. Normally, a forum selection clause is a factor that weighs heavily in favor of transferring the case to the chosen forum, and may be dispositive if no other factors tip the balance under a Section 1404(a) analysis. *See Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1258 (4th Cir. 1991) (relying on *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)).

if not all, of the negotiations and the execution of the Transtock-CarMax sublicense were also in California.

CarMax raised both the EVOX-Transtock Agreement and the Transtock-CarMax sublicense in its complaint and has relied heavily on alleged statements made by Transtock as defenses in this case. Complaint, ¶¶ 8, 13-17, 21, 23-24, 46. However, CarMax failed to include Transtock as a party to its declaratory judgment action. This appears to be gamesmanship. Transtock is certainly a desirable party to this litigation[5] and will be a material witness as to the contract negotiations between Transtock and CarMax or EVOX, but would be beyond the trial subpoena power of this court because it is a California corporation. This factor therefore strongly favors transfer to the Central District of California, the district in which both EVOX and CarMax could secure important witnesses for trial. *See Heinz Kettler GMBH & Co. v. Razor USA, LLC,* 750 F. Supp. 2d 660, 669 (E.D. Va. 2010) (holding that the need for compulsory process to obtain testimony weighed in favor of transfer).

The primary location of relevant documents and potential material witnesses, along with the availability of compulsory process over those witnesses, and the location of the copyrighted photographs all weigh heavily in favor of transfer to the Central District of California.

## 4.    Interests of Justice Favor the Central District of California.

"'[L]itigation of related claims in the same tribunal facilitates efficient, economical and expeditious pre-trial proceedings and discovery, and prevents duplicative litigation and inconsistent results.'" *Samsung Elecs. Co., Ltd. v. Rambus, Inc.,* 386 F. Supp. 2d 708, 721 (E.D. Va. 2005) (quotation omitted). When related actions are pending in the transferee forum, "the

---

[5] *See Serco Servs. Co., L.P., v. Kelley Co., Inc.*, 51 F.3d 1037, 1039-40 (Fed. Cir. 1995) (finding "sound reason" in the district court's dismissal of a declaratory judgment action because (1) the venue of later-filed infringement suit was more convenient based on the location of witnesses and documents, and (2) the first-filing plaintiff had filed for declaratory judgment in anticipation of an infringement suit and in an attempt to preempt the venue of that anticipated suit)

interest of justice is weighs heavily in favor of transfer." *U.S. Ship Mgmt. Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 937 (E.D. Va. 2005). The Court may also consider "docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 695 (E.D. Va. 2007) (quoting *Byerson v. Equifax Info. Servs., LLC,* 467 F. Supp. 2d 627, 635 (E.D. Va. 2006)).[6]

 In this case, the claims are governed by federal statute – copyright and trademark law. However, there is an interest in having local controversies decided at home and EVOX and Transtock had previously agreed that any dispute arising out of the EVOX-Transtock Agreement would be governed by California law and exclusive jurisdiction was to be in California. *See* Thompson Decl., Ex A at p. 8. Additionally, any sublicense derivative of the EVOX-Transtock Agreement was similarly to be governed by California law. *See id.*, Ex A at pp. 13-14.

 Finally, in addition to the California Action filed by EVOX against CarMax and Transtock, the *Gabriels* action is currently pending before the same judge in the Central District of California. As discussed above, these actions involve many of the same copyrighted photographs and similar questions of law and have been deemed related. *See* Horstman Decl., ¶7, Ex 5. The *Gabriels* action was filed in February 2013 and is set for trial in April 2014. *See id.* at ¶ 6. Discovery in the *Gabriels* action is ongoing. *Id.* Moreover, Transtock is a named party to the California Action. The Central District of California will be able to fully resolve the controversy between all the parties, EVOX, Transtock and CarMax without any risk of duplication or inconsistent rulings. It would promote judicial economy to consolidate the related

---

[6] Docket congestion is only a "minor consideration" in the balance of convenience factors. *GTE Wireless, Inc. v. Qualcomm, Inc.,* 71 F. Supp. 2d 517, 520 (E.D. Va. 1999). Even if this district may provide a speedier trial, the sum of all the other reasonable and logical factors favors transfer.

proceedings and transfer this action to the Central District of California.

Weighing all of the factors as a whole, it is clear that transferring the case to the Central District of California is in the interest of justice. Transfer would reduce litigation costs, promote judicial efficiency, and be more convenient for the relevant, material witnesses. The Central District of California would be able to exercise compulsory process over most of the relevant witnesses and would promote judicial economy by having one court hear all the related cases. These factors outweigh CarMax's initial choice of forum – a factor which must be afforded little, if any, weight in view of the fact that CarMax improperly filed an anticipatory action in an attempt to forum shop. Because the primary factors of Section 1404(a) for transfer weigh heavily in favor of transfer and would benefit both parties, EVOX requests that this court transfer the present case to the Central District of California.

### C.    The Case Should Be Stayed Pending Resolution Of The California Action.

If the case is not dismissed or transferred, it should be stayed. It is within the court's discretion to stay a case to avoid duplicative litigation. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 182-84 (1952). In *Kerotest,* the Supreme Court held it was "wise judicial administration" to a stay of a declaratory judgment action in favor of an action pending in another district where all the desirable parties were joined. *Id.* Transtock is not a party to this case, and so this action should be stayed pending resolution of the California case which will resolve the controversy among all the parties. This will also promote judicial efficiency because of the related case pending before the same judge in the Central District of California that involves many of the same copyrights and similar questions of law.

## IV.    CONCLUSION

This Court has two bases to dismiss this action. First, it may exercise its inherent discretion under the Declaratory Judgment Act and refuse to hear this matter. Second, this action

is an anticipatory declaratory judgment action, improperly filed by CarMax in an attempt to

forum shop, so the "first-to-file" rule should not apply and the case should be dismissed in favor

of the California Action.  EVOX respectfully requests that this Court dismiss CarMax's

complaint.  In the alternative, EVOX respectfully requests that this Court transfer this matter to

the Central District of California.  If the case is not dismissed or transferred, EVOX respectfully

requests that this matter be stayed pending resolution of the California Action.


Dated: June 19, 2013                     Respectfully submitted,


                                         By: _____/s/_____
                                             Sten Jensen
                                             VA Bar No. 38197
                                             James W. Burke
                                             VA Bar No. 76551
                                             **Attorneys for Defendant EVOX Productions, LLC**
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
                                             1152 15th Street, N.W.
                                             Washington, D.C.  20005-1706
                                             Telephone:   (202) 339-8400
                                             Facsimile:    (202) 339-8500
                                             sjensen@orrick.com
                                             jburke@orrick.com

                                             OF COUNSEL:

                                             KENT B. GOSS (CA Bar No. 131499)
                                             VALERIE M. GOO (CA Bar No. 187334)
                                             RAIJA J. HORSTMAN (CA Bar No. 277301)
                                             **Attorneys for Defendant EVOX Productions, LLC**
                                             ORRICK, HERRINGTON & SUTCLIFFE LLP
                                             777 S. Figueroa Street, Suite 3200
                                             Los Angeles, CA  90017
                                             Telephone:   (213) 629-2020
                                             Facsimile:    (213) 612-2429
                                             kgoss@orrick.com
                                             vgoo@orrick.com
                                             rhorstman@orrick.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system.  I further certify that on the same date, a copy of the foregoing was delivered via electronic mail to the following:

J. Matthew Haynes, Jr.
mhaynes@lawmh.com
McCANDLISH HOLTON, PC
1111 E. Main Street, Suite 1500
P.O. Box 796
Richmond, VA  23218
Telephone:  (804) 775-3809
Facsimile:  (804) 775-3800

Laurence F. Pulgram
lpulgram@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  (415) 875-2300
Facsimile:  (415) 281-1350

*Attorneys for Plaintiffs*
*CarMax Auto Superstores, Inc. and*
*CarMax Business Services LLC*

Dated:  June 19, 2013                         Respectfully submitted,

                                        _____/s/_____
                                        James W. Burke
                                        VA Bar No. 76551
                                        **Attorneys for Defendant EVOX Productions, LLC**
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        1152 15th Street, N.W.
                                        Washington, D.C.  20005-1706
                                        Telephone:  (202) 339-8400
                                        Facsimile:  (202) 339-8500
                                        jburke@orrick.com