# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| CARMAX AUTO SUPERSTORES, INC., a Virginia corporation, and CARMAX BUSINESS SERVICES, LLC, a Delaware limited liability company, | Civil Action No. 3:13-CV-00345-HEH |

                                              Plaintiffs,

     v.

EVOX PRODUCTIONS, LLC, a Delaware
limited liability company,

                                              Defendant.

EVOX PRODUCTIONS, LLC, a Delaware
limited liability company,

                                              Counterclaimant,

     v.

CARMAX AUTO SUPERSTORES, INC., a
Virginia corporation; CARMAX BUSINESS
SERVICES, LLC; TRANSTOCK, INC., a
California corporation; DEAN SIRACUSA, an
individual; and DOES 1 through 10, inclusive,

                                              Counter-Defendants.

# DEFENDANT AND COUNTERCLAIMANT EVOX PRODUCTIONS, LLC'S
# ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT
# AND COUNTERCLAIM AND JURY DEMAND

Defendant EVOX Productions, LLC ("EVOX"), through undersigned counsel, answers the Complaint of Plaintiff CarMax Auto Superstores, Inc. and CarMax Business Services, LLC (collectively "CarMax"), as follows. The paragraph numbers of this Answer correspond to the paragraph numbers of the Complaint. The denial of a paragraph of the Complaint constitutes a denial of each allegation within that paragraph. EVOX intends no implied admissions; unless an allegation is expressly admitted in this Answer, the allegation is denied.

## ANSWER

### NATURE OF THIS ACTION

1.      EVOX avers that Transtock has paid some license fees to EVOX while the EVOX-Transtock Reseller Agreement was in effect. EVOX otherwise lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of Paragraph 1. EVOX avers that CarMax requested a "back-dated" license in February 2013. EVOX otherwise lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the second sentence of Paragraph 1. EVOX avers that it is entitled to statutory damages for copyright infringement and otherwise denies the allegations in the third sentence of Paragraph 1. EVOX avers that CarMax seeks declaratory judgment and otherwise denies the allegations in the fourth sentence of Paragraph 1.

2.      EVOX avers that CarMax seeks declaratory judgment and otherwise denies the allegations in Paragraph 2.

### JURISDICTION AND VENUE

3.      EVOX does not waive and expressly reserves all rights to object to jurisdiction and venue as permitted by the Court's July 2, 2013 Scheduling Order.  EVOX avers that Plaintiff has failed to state a claim for declaratory judgment relief, and otherwise denies the allegations in Paragraph 3.

4.      EVOX does not waive and expressly reserves all rights to object to jurisdiction and venue as permitted by the Court's July 2, 2013 Scheduling Order.  EVOX avers that venue is

proper in the Central District of California and that a substantial part of the events giving rise to the claims occurred in the Central District of California, including the acts of EVOX and its employees in creating, maintaining and licensing the copyrighted images. EVOX admits that it conducts business in the State of Virginia sufficient to satisfy the requirements for personal jurisdiction. EVOX otherwise denies the allegations in Paragraph 4.

**PARTIES**

5.      EVOX admits that Plaintiff CarMax Auto Superstores, Inc. is incorporated under the laws of the State of Virginia and CarMax Business Services, LLC is organized under the laws of the State of Delaware and that both have their principal place of business in Richmond, Virginia. EVOX otherwise lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 5.

6.      EVOX admits the allegations in Paragraph 6.

7.      EVOX admits the allegations in Paragraph 7.

**FACTUAL ALLEGATIONS**

**Transtock/eVox Reseller Agreement**

8.      EVOX avers that the EVOX-Transtock Reseller Agreement speaks for itself, and otherwise denies the allegations in Paragraph 8.

9.      EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 9.

**The CarMax Website**

10.      EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 10.

11.      EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 11.

12.      EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 12.

**Transstock/CarMax License**

13.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 13.

14.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 14.

15.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 15.

16.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 16.

17.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 17.

**The Controversy Between the Parties**

18.     EVOX admits that EVOX called CarMax seeking to license use of the EVOX images. EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 18.

19.     EVOX admits that EVOX contacted CarMax on or around December 11, 2012. EVOX avers that CarMax did not substantively respond to EVOX until February 2013. EVOX otherwise lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 19.

20.     EVOX admits that the EVOX-Transtock Reseller Agreement expired in September 2012. EVOX admits that it was aware CarMax was using EVOX's images while the EVOX-Transtock Reseller Agreement was effective. EVOX avers that Transtock paid some license fees to EVOX since 2007 that Transtock attributed to CarMax. EVOX avers that when it contacted CarMax while the EVOX-Transtock Reseller Agreement was effective, EVOX believed CarMax was using EVOX's images with a valid sublicense. EVOX avers that it believed Transtock informed CarMax that Transtock's license had expired. EVOX otherwise denies the allegations in Paragraph 20.

21.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 21.

22.     EVOX admits that CarMax contacted EVOX on or around February 5, 2013. EVOX otherwise lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 22.

23.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 23.

24.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 24.

25.     EVOX admits that CarMax contacted EVOX in February and told EVOX that CarMax was prepared to skip a pre-license review to get a license agreement in place. EVOX otherwise denies the allegations in Paragraph 25.

26.     EVOX avers that it investigated its claim against CarMax for copyright infringement before filing the pending action in the Central District of California. EVOX avers that it did not allow the use of EVOX's images without a valid license. EVOX otherwise denies the allegations in Paragraph 26.

27.     EVOX avers that EVOX sent CarMax an email on March 1, 2013 and that email speaks for itself. EVOX admits that EVOX requested a phone call, asserted that CarMax was using EVOX's images without a valid license, and that such uses would need to be part of future discussion. EVOX avers that it believed Transtock had informed CarMax of the termination of the EVOX-Trantstock Reseller Agreement. EVOX avers that Transtock informed EVOX that it had taken down the EVOX images. EVOX otherwise denies the allegations in Paragraph 27.

28.     EVOX avers that it did not allow the use of EVOX's images without a valid license. EVOX otherwise lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 28.

29.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 29.

30.     EVOX avers that the draft license agreements speak for themselves, and otherwise denies the allegations in Paragraph 30.

31.     EVOX admits that EVOX and CarMax had a call on April 22, 2013. EVOX avers that EVOX's attorney informed CarMax that the scale of the copyright infringement was significant and EVOX needed to protect its rights; that statutory damages were available; that EVOX wanted to discuss with CarMax's litigation counsel because EVOX took this matter seriously; and that EVOX was willing to go to Richmond, Virginia to discuss settlement of the matter. EVOX otherwise denies the allegations of Paragraph 31.

32.     EVOX admits that CarMax and EVOX met in Richmond, Virginia on May 29, 2013 and that no resolution of the dispute was reached during this meeting. EVOX avers that it is entitled to statutory damages for copyright infringement. EVOX avers that CarMax used EVOX's images without a valid license. EVOX otherwise denies the allegations in Paragraph 32.

33.     EVOX avers that EVOX is entitled to damages for CarMax's infringement of EVOX's copyrighted images, and otherwise denies the allegations of Paragraph 33.

### eVox's Copyright Registrations

34.     EVOX admits the allegations of Paragraph 34.

35.     EVOX admits the allegations of Paragraph 35.

36.     EVOX denies the allegations of Paragraph 36.

37.     EVOX denies the allegations of Paragraph 37.

### CarMax's Use of eVox's Images

38.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 38.

39.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 39.

40.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 40.

41.     EVOX lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 41.

42.     EVOX avers that it has never seen the Transtock-CarMax license and lacks knowledge or information sufficient to form a belief regarding whether CarMax was a licensee of Transtock continuously from 2007 forward. EVOX otherwise denies the allegations in the first sentence of Paragraph 42. EVOX avers that it expressly informed CarMax of CarMax's past and ongoing infringement on March 1, 2013 and otherwise denies the allegations in the second sentence of Paragraph 42. EVOX avers that Transtock could not grant a license for two years that extended beyond the term of the EVOX-Transtock Reseller Agreement.

## CLAIM FOR RELIEF
### (Declaratory Judgment)

43.     EVOX incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

44.     EVOX avers that there is a copyright infringement action pending in the Central District of California and otherwise denies the allegation in Paragraph 44.

45.     EVOX avers that it is entitled to statutory damages for infringement during the time CarMax displayed EVOX's images without a valid license and CarMax's removal of EVOX's images. EVOX avers that Transtock could not grant a two year license that extended beyond the term of the EVOX-Transtock Reseller Agreement. EVOX avers that each image is individually protected by the copyright laws of the United States of America. EVOX avers that CarMax is liable for publically displaying EVOX's images on CarMax's website. EVOX otherwise denies the allegations in Paragraph 45.

46.     EVOX denies the allegations in Paragraph 46.

47.     EVOX admits the allegations in Paragraph 47.

48.     EVOX denies the allegations in Paragraph 48.

## PRAYER FOR RELIEF

With respect to CarMax's "Prayer for Relief," including each subpart thereto:

    1.     EVOX denies that CarMax is entitled to any relief; and

    2.     EVOX avers that judgment should be entered in EVOX's favor.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

### Failure to State a Claim

The complaint, and each and every purported claim for relief of the complaint, fails to allege facts sufficient to state a claim for relief against EVOX.

### SECOND DEFENSE

### Subject Matter Jurisdiction

The complaint, and each and every purported claim for relief of the complaint, is barred, in whole or in part, because this Court does not have subject matter jurisdiction.

### THIRD DEFENSE

### Another Action Pending

The complaint, and each and every purported claim for relief of the complaint, is barred, in whole or in part, because there is another action pending that is better suited to decide this dispute.

### FOURTH DEFENSE

### Bad Faith

The complaint, and each and every purported claim for relief of the complaint, is barred, in whole or in part, because CarMax filed this action in bad faith in an attempt at improper forum shopping.

### FIFTH DEFENSE

### Unclean Hands

The complaint, and each and every purported claim for relief of the complaint, is barred, in whole or in part, by CarMax's unclean hands or the doctrine of *in pari delicto.*

## SIXTH DEFENSE

### Laches

The complaint, and each and every purported claim for relief of the complaint, is barred, in whole or in part, by the doctrine of laches.

## SEVENTH DEFENSE

### Waiver

The complaint, and each and every purported claim for relief of the complaint, is barred, in whole or in part, by CarMax's conduct, actions and inactions, by which CarMax has waived its rights to pursue the cause of action and relief sought in the complaint.

## EIGHTH DEFENSE

### Estoppel

The complaint, and each and every purported claim for relief of the complaint, is barred, in whole or in part, by CarMax's conduct, actions and inactions, by which CarMax is estopped from pursuing the cause of action and relief sought in the complaint.

## NINTH DEFENSE

### Justification

The complaint, and each and every purported claim for relief of the complaint, is barred, in whole or in part, because EVOX's actions were undertaken in good faith, with the absence of malicious intent to injure, and they constitute lawful, proper, and justified means to protect EVOX's rights.

## TENTH DEFENSE

### Reservation of Defenses

EVOX has insufficient knowledge or information at this time upon which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available, and EVOX reserves the right to assert such additional defenses in the event discovery, investigation or analysis indicates they are proper.  EVOX further incorporates its counterclaims by reference.

## COUNTERCLAIM

For counterclaims, EVOX Productions, LLC ("EVOX") alleges against Counter-Defendants CarMax Auto Superstores, Inc., CarMax Business Services, LLC, Transtock, Inc., Dean Siracusa and DOES 1 through 10, inclusive, (collectively "Counter-Defendants") as follows:

## JURISDICTION AND VENUE

1.     EVOX does not waive and expressly reserves all rights to object to jurisdiction and venue as permitted by the Court's July 2, 2013 Scheduling Order.

2.     This Court has subject matter jurisdiction over these counterclaims pursuant to 17 U.S.C. § 501 *et seq.* and 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has subject matter jurisdiction over the Lanham Act counterclaims pursuant to 15 U.S.C. §§ 1114, 1121, 1125(a) and 28 U.S.C. §§ 1331, 1338.

4.     Additionally, the Court has supplemental jurisdiction over these counterclaims under 28 U.S.C. § 1367(a), because these counterclaims and the purported claims alleged by Plaintiff all form part of the same case or controversy concerning Counter-Defendants' use of EVOX's copyrighted images and trademarks.

5.     This Court has personal jurisdiction over Transtock, Inc. and Dean Siracusa because both consented to specific personal jurisdiction and venue in Virginia for any claims made against them in this case in Mr. Siracusa's declaration filed with this Court on July 1, 2013.

## NATURE OF THE ACTION

6.     EVOX is a 17-year-old company specializing in photo, video and interactive vehicle imagery. EVOX has created and maintains a comprehensive automotive image library of over 6,000 different car makes and models which it licenses to a wide variety of companies and websites. EVOX is an industry leader and widely recognized for both the quality of its automotive images and the breadth of its image library.

7.     EVOX previously authorized Transtock, Inc. to sublicense EVOX images to third parties pursuant to a Reseller Agreement (the "EVOX-Transtock Reseller Agreement").

- 10 -

Transstock, Inc., in turn, had sublicensed plaintiffs and counter-defendants CarMax Auto Superstores, Inc. and CarMax Business Services, LLC (collectively referred to as "CARMAX") to use EVOX's images. CARMAX featured EVOX's automotive images in its store on its website – which, upon and belief, is one of the most popular car websites in the United States. Upon information and belief, CARMAX's website is visited by thousands of consumers every day who are looking for information about cars. CARMAX used EVOX's automotive images to allow such consumers to view multiple images of the cars they were interested in.

8.      In September 2012, the EVOX-Transtock Reseller Agreement expired – terminating Transstock, Inc.'s and CARMAX's rights to use the EVOX images. Rather than continue a licensing arrangement, Transstock, Inc. and CARMAX ignored EVOX's copyrights and trademark rights and simply continued to use EVOX's valuable images and trademarks in their businesses and on the CARMAX website without any authority to do so.

## PARTIES

9.      Counterclaimant EVOX is a Delaware limited liability company with its principal place of business at 2363 E. Pacifica Place, Building 305, Rancho Dominguez, California 90220.

10.     On information and belief, Counter-Defendant CarMax Auto Superstores, Inc. is a Virginia corporation and Counter-Defendant CarMax Business Services, LLC is a Delaware limited liability company. CARMAX's principal place of business is at 12800 Tuckahoe Creek Parkway, Richmond, Virginia 23238.

11.     On information and belief, Counter-Defendant Transtock, Inc. is a California corporation with its principal place of business at 1601 N. Sepulveda Blvd, Suite 617, Manhattan Beach, CA 90266.

12.     On information and belief, Counter-Defendant Dean Siracusa is the President of Transtock, Inc. and is directly responsible for and actively involved in directing and controlling Transtock, Inc.'s activities. (Dean Siracusa and Transtock, Inc. collectively referred to as "TRANSTOCK").

- 11 -

13.     EVOX is unaware of the true names and capacities of Does 1 through 10, and therefore sues these counter-defendants by these fictitious names. EVOX will amend this complaint to allege the Doe counter-defendants' true names and capacity when they become known to EVOX.

14.     On information and belief, in performing the acts or omissions described in this Counterclaim, counter-defendants TRANSTOCK, CARMAX and Does 1 through 10 were acting as the principal, representative, agent, employee or alter ego of each other and were acting within the scope of such agency or employment to commit the acts alleged herein. Each counter-defendant sued aided and abetted the other with the intent that each would be successful in their mutual endeavors. Each counter-defendant contributed to EVOX's damages and the statutory violations alleged herein.

## ALLEGATIONS

### EVOX's Creation and Distribution of the Copyrighted Photographs and EVOX Trademarks

15.     EVOX creates and licenses high-quality, digital images and photographs of substantially all automotive makes and models in the United States since model year 2000. EVOX is the leading creator of automotive image libraries in the United States, and its images are widely recognized as the best in its field.

16.     EVOX owns the copyrights in tens of thousands of digital images and photographs under the United States Copyright laws, and has obtained Certificates of Copyright Registration from the Register of Copyrights for these works. Each copyright registration includes multiple still images for the title automobile, including "Exterior Spins" viewable through commonly available third party software. The automobiles and the federally registered copyrights which CARMAX has infringed by the acts complained of herein includes, without limitation, those listed on Exhibit A, which is incorporated by reference (the "Copyrighted Photographs"). Exhibit A identifies by number the Certificates of Copyright Registration issued to EVOX.

17.    True and correct copies of the Certificates of Copyright Registration at issue in this case are attached as Exhibit B, which is incorporated by reference.[1]

18.    EVOX has spent substantial time, money and talent in connection with the production, development and marketing of the Copyrighted Photographs.

19.    EVOX has a specialized niche in automotive photography. EVOX creates and maintains a comprehensive library of high quality, copyrighted automotive photographs. EVOX licenses others to access and use the copyrighted works in its library. EVOX closely controls the distribution and exhibition of its copyrighted works through licensing agreements. EVOX licenses its copyrighted works in packages, in other groupings, or on an individual, "a la carte," basis.

20.    EVOX also owns trademark registrations, including the following United States Patent and Trademark Office ("PTO") trademark registration (the "EVOX Trademarks").

| Trademark | Registration No. | Goods/services |
|---|---|---|
| EVOX | 3,765,883 | Photography, audio and video recording services in the field of automotive imaging in international class 41 |
| EVOX IMAGES | 3,649,661 | Stock photography services, namely, leasing reproduction rights of photographs and transparencies to others in international class 45 |

21.    The EVOX Trademarks are registered on the Principal Register of the PTO pursuant to 15 U.S.C. §1051, and these registrations are valid, subsisting, and enforceable. True and correct copies of the Certificates of Trademark Registration for the EVOX Trademarks from the Trademark Electronic Search System of the PTO are attached as Exhibit C, which is incorporated by reference.

---

[1] Exhibit B includes over 1500 copyright registrations and consists of over 3000 pages.  Per the instructions of the Court's clerk and the Court's office, due to the volume of Exhibit B, a physical copy has been lodged with the Court and Exhibit B will not be filed electronically.

- 13 -

22.     EVOX has developed a very successful business licensing its library of copyrighted automotive photographs. EVOX has used the EVOX Trademarks in connection with its advertising, promotion, sale and offering for sale of its goods and services nationwide. EVOX's products and services are known and recognized by the EVOX Trademarks.

23.     EVOX has used the EVOX mark and trade name continuously since 1995 nationwide, in interstate commerce, either alone or in conjunction with other words and marks, to identify EVOX as the source of high quality goods and services in its field.

24.     EVOX has used the EVOX IMAGES mark continuously since 2006 nationwide, in interstate commerce, either alone or in conjunction with other words and marks, to identify EVOX as the source of high quality goods and services in its field.

**TRANSTOCK's Unauthorized Use of the Copyrighted Photographs and EVOX Trademarks**

25.     In September 2007, EVOX granted TRANSTOCK a limited grant of authority to sublicense the Copyrighted Photographs and EVOX Trademarks to customers under the express terms of the End User License Agreement provided as an appendix to the EVOX-Transtock Reseller Agreement.

26.     Under the express terms of the written reseller agreement, TRANSTOCK was only permitted to license the Copyrighted Photographs and EVOX Trademarks within the scope of the reseller agreement between EVOX and TRANSTOCK.

27.     TRANSTOCK was an independent contractor under the EVOX-Transtock Reseller Agreement, which provided in Section 7(g): "**Independent Contractor:** Each party is an independent contractor, and neither party may assume or create any obligation or responsibility on behalf of or in the name of the other party."

28.     On information and belief, during the term of the EVOX-Transtock Reseller Agreement, TRANSTOCK licensed rights to the Copyrighted Photographs and EVOX Trademarks to CARMAX and other third parties.

29.     On or around July 19, 2012, EVOX sent TRANSTOCK official notice of its non-

- 14 -

renewal of the EVOX-Transtock Reseller Agreement.

30.     The EVOX-Transtock Reseller Agreement expired on September 25, 2012.

31.     Dean Siracusa, as President of Transtock, Inc., was aware of the notice of non-renewal and represented to EVOX that Transtock, Inc. had "turned off" the Copyrighted Photographs for use by its licensees.

32.     However, on information and belief, TRANSTOCK continued to provide, license or authorize use of the Copyrighted Photographs and EVOX Trademarks to third parties, such as CARMAX, after the EVOX-Transtock Reseller Agreement had expired.

33.     EVOX has not since entered into any license or reseller agreements for the Copyrighted Photographs and EVOX Trademarks with TRANSTOCK.

34.     TRANSTOCK's unlawful and unauthorized distribution, transmission, copying, public display and use of the Copyrighted Photographs and EVOX Trademarks has irreparably harmed EVOX's copyrights, trademarks and exclusive rights in the Copyrighted Photographs and EVOX Trademarks. EVOX is without an adequate remedy at law with respect to such harm and injury.

**CARMAX's Unauthorized Use of the Copyrighted Photographs and EVOX Trademarks**

35.     CARMAX sublicensed the Copyrighted Photographs and EVOX Trademarks from TRANSTOCK. TRANSTOCK could not license the Copyrighted Photographs and EVOX Trademarks beyond the scope of the EVOX-Transtock Reseller Agreement.

36.     CARMAX was aware of EVOX and its Copyrighted Photographs and EVOX Trademarks prior to the expiration of the EVOX-Transtock Reseller Agreement. Specifically, CARMAX understood that TRANSTOCK licensed the Copyrighted Photographs to CARMAX pursuant to the Reseller Agreement between EVOX and TRANSTOCK.

37.     In September 2012, prior to the expiration of the EVOX-Transtock Reseller Agreement, EVOX attempted to begin discussions with CARMAX regarding CARMAX licensing the Copyrighted Photographs and EVOX Trademarks directly from EVOX. However, from September of 2012 until December of 2012, CARMAX delayed and ignored EVOX's

attempts to negotiate a license for the Copyrighted Photographs and EVOX Trademarks.

38.     This pattern of evasion and CARMAX's ignoring EVOX's attempts to communicate is further exemplified by the fact that from April 2012 through August 2012, EVOX had made more than ten attempts to contact CARMAX via email and telephone, each of which, and in every instance, were rebuffed by CARMAX.

39.     In advance of the EVOX-Transtock's Reseller Agreement's expiration date, in September 2012 alone, EVOX reached out to CARMAX on at least five separate occasions to directly engage with CARMAX regarding a license of the Copyrighted Photographs and EVOX Trademarks.

40.     On or around September 25, 2012, the EVOX-Transtock Reseller Agreement expired. No later than September 25, 2012, CARMAX had no rights to the Copyrighted Photographs and EVOX Trademarks under its license from TRANSTOCK.

41.     After the EVOX-Transtock Reseller Agreement expired on or about September 25, 2012, TRANSTOCK represented to EVOX that it had "turned off" the Copyrighted Photographs for use by its licensees, which included CARMAX. On information and belief, CARMAX knew of the expiration of TRANSTOCK's license with EVOX and that no new Copyrighted Photographs would be delivered by TRANSTOCK to CARMAX.

42.     There was no term in the EVOX-Transtock Reseller Agreement which allowed TRANSTOCK's licensees to continue to use the Copyrighted Photographs and EVOX Trademarks after the Reseller Agreement had expired. Yet, CARMAX continued to use the Copyrighted Photographs and EVOX Trademarks as if nothing had changed. On information and belief, CARMAX did not pay ongoing royalties to TRANSTOCK for its continued use of the Copyrighted Photographs and EVOX Trademarks. It continued to use the unlicensed Copyrighted Photographs and EVOX Trademarks while attempting to negotiate an agreement with EVOX which would give CARMAX "a pass" for its intentional past infringement.

43.     On information and belief, by no later than December 2012, CARMAX was aware that its license agreement with TRANSTOCK had expired and that CARMAX had no

rights to the Copyrighted Photographs and EVOX Trademarks.

44.     In February 2013, CARMAX reached out to EVOX expressing a desire to get an agreement in place quickly and expressed a need "to back-date" any new license agreement to cover an unspecified period of time for prior uses of the Copyrighted Photographs and EVOX Trademarks by CARMAX.

45.     From February 2013 through April of 2013, EVOX attempted to negotiate a "forward looking" license and leave CARMAX's past infringement to a separate negotiation. At no point did EVOX permit, authorize or endorse CARMAX's use of the Copyrighted Photographs or EVOX Trademarks after the expiration of the EVOX-Transtock Reseller Agreement.

46.     Between September 2012 and April 2013, EVOX made several good faith attempts to secure a new license agreement with CARMAX. However, CARMAX rebutted their attempts and until at least March 2013 continued to use the Copyrighted Photographs and EVOX Trademarks without permission.

47.     On or about March 1, 2013, frustrated by the difficulty in reaching agreement with CARMAX on a license agreement, EVOX wrote to CARMAX noting CARMAX's infringement of the Copyrighted Photographs that had been ongoing for several months.

48.     On information and belief, CARMAX led EVOX to believe that it would enter into a new license with EVOX while reaping the benefits of its unlicensed and unauthorized use of the Copyrighted Photographs and EVOX Trademarks.

49.     In a last effort to resolve CARMAX's continued infringement of the Copyrighted Photographs and EVOX Trademarks, EVOX went to Virginia and met CARMAX pursuant to Federal Rule of Evidence 408 on May 29, 2013.

50.     CARMAX, however, had no intention of engaging in good faith discussions. Rather, on information and belief, at the time of the May 29, 2013 meeting, CARMAX had prepared a complaint for declaratory judgment against EVOX that it intended to file in the Eastern District of Virginia in an anticipatory filing to avoid the natural and expected forum for

this litigation – the Central District of California. That complaint was filed on the same day as the May 29, 2013 meeting.

51.     EVOX has not entered into any license agreements for the Copyrighted Photographs and EVOX Trademarks with CARMAX after September 25, 2012.

52.     Despite knowing that their rights to the Copyrighted Photographs and EVOX Trademarks terminated in 2012, on information and belief, CARMAX continued to use and display the Copyrighted Photographs and EVOX Trademarks after September 2012 without permission or authorization.

53.     On information and belief, CARMAX used the Copyrighted Photographs and EVOX Trademarks both before and after receipt of the March 1, 2013 communication expressly informing CARMAX of its unauthorized use.

54.     On information and belief, CARMAX continued to use and display the Copyrighted Photographs and EVOX Trademarks without permission or authorization until at least March 2013. On information and belief, CARMAX never agreed to cease using the Copyrighted Photographs and EVOX Trademarks.

55.     EVOX never consented to or authorized CARMAX's continued use of the Copyrighted Photographs and EVOX Trademarks.

56.     CARMAX's unlawful and unauthorized distribution, transmission, copying, public display and use of the Copyrighted Photographs and EVOX Trademarks has irreparably harmed EVOX's copyrights, trademarks and exclusive rights in the Copyrighted Photographs and EVOX Trademarks. EVOX is without an adequate remedy at law with respect to such harm and injury.

## COUNT ONE

### (Copyright Infringement, 17 U.S.C. §501 *et seq.*)

### Against CARMAX, TRANSTOCK, and Does 1-10 (collectively "Counter-Defendants")

57.     Paragraphs 1 through 56 are incorporated by reference in support of this claim for relief.

58.     Each of the Copyrighted Photographs is an original pictorial work and constitutes copyrightable subject matter under 17 U.S.C. §§ 101 and 102.

59.     No later than September 2012, Counter-Defendants were not, and are not, licensed or otherwise authorized to distribute, transmit, copy or display the Copyrighted Photographs.

60.     Counter-Defendants have infringed EVOX's copyrights in at least 20,000 images through the distribution, transmission, copying or public display of the Copyrighted Photographs on, among other places, their office's walls, their servers and their websites after they no longer had any rights to the Copyrighted Photographs.

61.     On information and belief, the infringement of EVOX's copyrights by Counter-Defendants was willful. Counter-Defendants were aware that their license to use the Copyrighted Photographs had expired. Counter-Defendants continued distribution, transmission, copying, public display, and use of the Copyrighted Photographs, and Counter-Defendant's refusal to cease distribution and display of the Copyrighted Photographs evidence Counter-Defendants' willful infringement. At a minimum, Counter-Defendants' actions were reckless.

62.     EVOX has been damaged by the willful infringement of Counter-Defendants in a sum to be determined.

63.     On information and belief, Counter-Defendants' can and may continue its infringing activities unless restrained and enjoined. EVOX's remedy at law is not by itself adequate to compensate it for the harm inflicted and threatened by Counter-Defendants.

## COUNT TWO

### (Contributory Copyright Infringement, 17 U.S.C. §501 *et seq.*)

### Against TRANSTOCK and Does 1-10 (collectively "Counter-Defendants")

64.     Paragraphs 1 through 63 are incorporated by reference in support of this claim for relief.

65.     Each of the Copyrighted Photographs is an original pictorial work , each with independent economic value, and constitutes copyrightable subject matter under 17 U.S.C. §§

101 and 102.

66.     No later than September 2012, Counter-Defendants were not, and are not, licensed or otherwise authorized to distribute, transmit, copy or display the Copyrighted Photographs.

67.     On information and belief, TRANSTOCK's customers, such as CARMAX, infringed EVOX's copyrights in the Copyrighted Photographs by distributing, transmitting, copying or publically displaying the Copyrighted Photographs on, among other places, their internet websites after September 2012 without EVOX's permission or authorization.

68.     On information and belief, Counter-Defendants knew that their customers would continue to distribute, transmit, copy or publically display the Copyrighted Photographs on, among other places, their internet websites after the termination of the EVOX-Transtock Reseller Agreement.

69.     On information and belief, after September 2012, Counter-Defendants encouraged and assisted their customers in their infringing acts by purporting to continue the license of rights to the Copyrighted Photographs, with knowledge of the fact that Counter-Defendants had no rights to the Copyrighted Photographs.

70.     On information and belief, Counter-Defendants could have prevented their customers from infringing EVOX's copyrights in the Copyrighted Photographs by, *inter alia*, terminating or modifying their license contracts, yet Counter-Defendants failed to do so.

71.     EVOX has been damaged by the contributory infringement of Counter-Defendants in a sum to be determined.

72.     EVOX's remedy at law is not by itself adequate to compensate it for the harm inflicted by Counter-Defendants.

<u>**COUNT THREE**</u>

**(Trademark Infringement, 15 U.S.C. §1114)**

**Against CARMAX, TRANSTOCK, and Does 1-10 (collectively "Counter-Defendants")**

73.     Paragraphs 1 through 72 are incorporated by reference in support of this claim for

relief.

74.     The EVOX Trademarks are valid registered service marks pursuant to 15 U.S.C. §§ 1052, 1053.

75.     No later than September 2012, Counter-Defendants were not, and are not licensed or authorized to use the EVOX Trademarks.

76.     Counter-Defendants have used EVOX Trademarks without consent or authorization in connection with the sale and offering for sale of their products and services to the public.

77.     Counter-Defendants have infringed the EVOX Trademarks through the use of the EVOX Trademarks in conjunction with Counter-Defendants' businesses.

78.     On information and belief, Counter-Defendants' unauthorized use of the EVOX Trademarks was and is likely to cause confusion, mistake or deception among the parties' customers, prospective customers, other businesses and individuals who deal with Counter-Defendants and EVOX.

79.     Counter-Defendants used the EVOX Trademarks with knowledge of EVOX's rights and without permission, and on information and belief, Counter-Defendants' infringement was willful and deliberate.

80.     EVOX has been damaged by Counter-Defendants' trademark infringement in a sum to be determined.

81.     EVOX's remedy at law is not by itself adequate to compensate it for the harm inflicted by Counter-Defendants.

## COUNT FOUR

### (False Advertising and Unfair Competition, 15 U.S.C. §1125)

### Against CARMAX, TRANSTOCK, and Does 1-10 (collectively "Counter-Defendants")

82.     Paragraphs 1 through 81 are incorporated by reference in support of this claim for relief.

83.     No later than September 2012, Counter-Defendants were not, and are not licensed

or authorized to use the EVOX Trademarks.

84.     Despite their knowledge that they were no longer authorized to use the EVOX Trademarks, Counter-Defendants continued to use the EVOX Trademarks in conjunction with the sale, offering for sale and provision of Counter-Defendants' products and services.

85.     Counter-Defendants' unauthorized use of the EVOX Trademarks in conjunction with its products and services was and is likely to cause confusion, mistake or deception among ordinary consumers as to the source, sponsorship, affiliation, or approval of Counter-Defendants' products, services or commercial activities.

86.     Counter-Defendants' conduct is willful and deliberate.

87.     Counter-Defendants' conduct constitutes false designation of origin, false description of goods, false advertising and unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

88.     EVOX has been damaged by Counter-Defendants' conduct in a sum to be determined.

89.     EVOX's remedy at law is not by itself adequate to compensate it for the harm inflicted by Counter-Defendants.

## COUNT FIVE

### (Contributory Liability under the Lanham Act, 15 U.S.C. §§1114, 1125)

### Against TRANSTOCK and Does 1-10 (collectively "Counter-Defendants")

90.     Paragraphs 1 through 89 are incorporated by reference in support of this claim for relief.

91.     On information and belief, Counter-Defendants' customers infringed EVOX's rights in the EVOX Trademarks by their use of the EVOX Trademarks in conjunction with their business without EVOX's permission or authorization.

92.     On information and belief, Counter-Defendants have intentionally induced others to infringe the EVOX Trademarks.

93.     On information and belief, after September 2012, Counter-Defendants encouraged

and assisted their customers in their infringing acts by purporting to continue the license of rights to the EVOX Trademarks, with knowledge of the fact that Counter-Defendants had no rights to the EVOX Trademarks, and by providing their end users with access to and copies of the EVOX Trademarks.

94.    On information and belief, Counter-Defendants could have prevented their end users from infringing EVOX's rights in the EVOX Trademarks by, *inter alia*, terminating or modifying their license contracts or removing the EVOX Trademarks from their servers and databases, yet Counter-Defendants failed to do so.

95.    On information and belief, Counter-Defendants' conduct has been willful and intentional, and Counter-Defendants engaged in the actions alleged herein with the purpose of confusing consumers and trading on the goodwill associated with the EVOX Trademarks.

96.    EVOX has been damaged by Counter-Defendants' conduct in a sum to be determined.

97.    EVOX's remedy at law is not by itself adequate to compensate it for the harm inflicted by Counter-Defendants.

## **PRAYER FOR RELIEF**

WHEREAS, EVOX prays for relief as follows:

A.    For an entry of permanent injunctive relief enjoining and restraining Counter-Defendants TRANSTOCK, CARMAX and Does 1-10 and their officers, directors, agents, servants, employees, licensees and all other persons in privity or acting in concert with them from doing any of the following:

      i.    distributing, transmitting, copying, publically displaying, or creating derivative works of any of the Copyrighted Photographs;

     ii.    doing business, in any capacity, using the EVOX Trademarks or any confusingly similar marks;

    iii.    using the EVOX Trademarks, or any confusingly similar marks, in connection with the manufacture, design, import, distribution, sale, or offering for sale of

goods or services, including the use on any and all packaging, promotional material, advertisements, point-of-sale materials and websites;

    iv.    falsely or inaccurately describing or designating the origin or other facts related to any goods or services, or passing off any goods or services in any manner that is likely to cause confusion, mistake or deception as to the affiliation, connection, sponsorship or association of Counter-Defendants or any of their respective goods or services with EVOX;

    v.    engaging in false designation and advertising;

B.    For an award at EVOX's election, pursuant to 17 U.S.C. §504, of either (1) the actual damages suffered by EVOX with respect to past infringement, plus any additional profits of Counter-Defendants that are attributable to the infringement that are not taken into account in computing the actual damages; or (2) statutory damages as provided by Section 504 (c). In no event are such damages less than $18 million;

C.    For a finding that the infringement by Counter-Defendants was willful, and for an award to EVOX, at its election, of statutory damages against Counter-Defendants for willfully committing infringement as provided by 17 U.S.C. §504;

D.    For an order that Counter-Defendants account for all sales, revenues, costs and profits from their wrongful conduct and unauthorized use of EVOX's Trademarks and Copyrights, and that Counter-Defendants pay EVOX damages in an amount to be proven at trial, including, but not limited to, Counter-Defendants' profits and actual damages suffered by EVOX as a result of Counter-Defendants' wrongful acts.

E.    For an award of trebled damages, for the profits and actual damages proven at trial, pursuant to 15 U.S.C. §1117(a) because of the willfulness of Counter-Defendants' conduct described in this Counterclaim;

F.    For an award of EVOX's attorneys' fees, expenses and costs, pursuant to 17 U.S.C. §505 and 15 U.S.C. §1117(a);

G.    For an award to EVOX of pre-and post-judgment interest;

H.       For an award to EVOX of such other and further relief as the Court deems just

and proper.

Dated: July 12, 2013                     Respectfully submitted,

                                         By: _____/s/_____
                                               Sten Jensen
                                               VA Bar No. 38197
                                               James W. Burke
                                               VA Bar No. 76551
                                               **Attorneys for Defendant and Counterclaimant**
                                               **EVOX Productions, LLC**
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               1152 15th Street, N.W.
                                               Washington, D.C.  20005-1706
                                               Telephone:   (202) 339-8400
                                               Facsimile:    (202) 339-8500
                                               sjensen@orrick.com
                                               jburke@orrick.com

                                               OF COUNSEL:

                                               KENT B. GOSS (CA Bar No. 131499) (*pro hac vice*)
                                               VALERIE M. GOO (CA Bar No. 187334)
                                               RAIJA J. HORSTMAN (CA Bar No. 277301)
                                               **Attorneys for Defendant and Counterclaimant**
                                               **EVOX Productions, LLC**
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP
                                               777 S. Figueroa Street, Suite 3200
                                               Los Angeles, CA  90017
                                               Telephone:   (213) 629-2020
                                               Facsimile:    (213) 612-2429
                                               kgoss@orrick.com
                                               vgoo@orrick.com
                                               rhorstman@orrick.com

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38(b), Defendant and

Counterclaimant EVOX Productions, LLC demands a trial by jury on all issues triable by a jury.


Dated: July 12, 2013                    Respectfully submitted,


                                        By: _____/s/_____
                                             Sten Jensen
                                             VA Bar No. 38197
                                             James W. Burke
                                             VA Bar No. 76551
                                        **Attorneys for Defendant and Counterclaimant**
                                        **EVOX Productions, LLC**
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        1152 15th Street, N.W.
                                        Washington, D.C.  20005-1706
                                        Telephone:   (202) 339-8400
                                        Facsimile:    (202) 339-8500
                                        sjensen@orrick.com
                                        jburke@orrick.com

                                        OF COUNSEL:

                                        KENT B. GOSS (CA Bar No. 131499) (*pro hac vice*)
                                        VALERIE M. GOO (CA Bar No. 187334)
                                        RAIJA J. HORSTMAN (CA Bar No. 277301)
                                        **Attorneys for Defendant and Counterclaimant**
                                        **EVOX Productions, LLC**
                                        ORRICK, HERRINGTON & SUTCLIFFE LLP
                                        777 S. Figueroa Street, Suite 3200
                                        Los Angeles, CA  90017
                                        Telephone:   (213) 629-2020
                                        Facsimile:    (213) 612-2429
                                        kgoss@orrick.com
                                        vgoo@orrick.com
                                        rhorstman@orrick.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2013, the foregoing was electronically filed with the

Clerk of the Court using the CM/ECF system.  I further certify that on the same date, a copy of

the foregoing was delivered via electronic mail to the following:

David N. Anthony
david.anthony@troutmansanders.com
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, VA  23219
Telephone:   (804) 697-1200
Facsimile:    (804) 698-5118

Laurence F. Pulgram
lpulgram@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   (415) 875-2300
Facsimile:    (415) 281-1350

I further certify that a copy of Exhibit B to the foregoing will be delivered via overnight

mail or hand delivery to the recipients listed above.

*Attorneys for Plaintiffs*
*CarMax Auto Superstores, Inc. and*
*CarMax Business Services LLC*

Dated:  July 12, 2013                    Respectfully submitted,

                                                       /s/
                                         _____
                                         James W. Burke
                                         VA Bar No. 76551
                                         **Attorneys for Defendant EVOX Productions, LLC**
                                         ORRICK, HERRINGTON & SUTCLIFFE LLP
                                         1152 15th Street, N.W.
                                         Washington, D.C.  20005-1706
                                         Telephone:  (202) 339-8400
                                         Facsimile:   (202) 339-8500
                                         jburke@orrick.com